[No. 40119. Department One. October 31, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. LEO L. WINGARD, *Appellant*.†

*Leo L. Wingard*, pro se.

*Ronald L. Hendry, Joseph D. Mladinov*, and *Eugene G. Olson*, for respondent.

*Reported in 445 P.2d 19.
†Reported in 446 P.2d 339.

PER CURIAM.—Appellant appeals from a decision of the trial court denying a motion filed December 7, 1967, to vacate and set aside the judgment and sentence for the crime of forgery in the first degree made and entered in this cause on June 19, 1946, on the ground that the judgment is void on its face and the court had no jurisdiction over the person of the appellant when the judgment was signed. While the record discloses that the 20 year maximum sentence imposed by the court has expired, appellant asks to clear his record by having it vacated.

A review of the history of the case reveals that on April 12, 1946, the prosecuting attorney for Pierce County filed an information charging appellant with a crime of forgery in the first degree. He was arraigned on the charge and entered a plea of not guilty on April 23, 1946. Appellant appeared on the day set for trial, June 19, 1946, accompanied by his chosen attorney. In open court he was permitted to withdraw his plea of not guilty previously entered and he then entered his plea of guilty to the crime of forgery as charged in the information. Judgment and sentence to the Washington State Penitentiary to a term not to exceed 20 years was then entered the same day. It may be noted that on November 19, 1946, the Board of Prison Terms and Paroles set appellant's term as "18 months; County Jail Time Considered." The appellant did not file any notice of appeal from the judgment and sentence of November 19, 1946.

As one of several attacks on the judgment and sentence the appellant on May 12, 1950 filed in this court a certified copy of judgment and sentence and notice of appeal. The records of the clerk of this court disclose that the appeal was dismissed September 8, 1950.

Review of the record indicates that the court had jurisdiction of the appellant and the subject matter. The judgment and sentence was valid on its face. It appears that the appellant was represented by retained counsel and pleaded guilty to the charge of forgery in the first degree. The appellant was thereafter sentenced and did not exercise his rights of appeal within the prescribed time. We find the appellant's claims without merit.

The judgment is therefore affirmed.

December 17, 1968. Petition for rehearing denied.